IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division: Montgomery County)

| | |
|---|---|
| AMERICAN ASSOCIATION OF PHYSICIANS FOR HUMAN RIGHTS, INC. d/b/a GLMA: HEALTH PROFESSIONALS ADVANCING LGBTQ+ EQUALITY; *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>NATIONAL INSTITUTES OF HEALTH; *et al.*,<br><br>*Defendants.* | Civil Action No. 8:25-cv-01620-LKG |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS, TO WAIVE REQUIREMENT UNDER LOCAL RULE 102.2(A) TO PROVIDE ADDRESSES IN COMPLAINT CAPTION, AND FOR A PROTECTIVE ORDER**

This matter is before the Court on Plaintiffs' motion for leave to allow Plaintiffs Phoebe Poe, Rachel Roe, and Susana Soe (the "Pseudonymous Plaintiffs") and non-party declarant members of GLMA to proceed under pseudonyms and for a protective order. The Pseudonymous Plaintiffs, along with Plaintiffs Dr. Carl Streed, Jr., Dr. Sean Arayasirikul, Dr. Michelle Birkett, Dr. Gregory Phillips, Dr. Kurt Ribisl, Dr. Noel Brewer, Dr. Seth Noar, Dr. Kristen Hassmiller, Dr. Laura Graham Holmes, Dr. Heather Littleton, Dr. Gabe Murchison, Dr. Sarah Peitzmeier, and Dr. Debra Umberson (collectively with "Pseudonymous Plaintiffs," the "Individual Plaintiffs"), also request waiver of the requirement under Local Rule 102.2(a) to provide their addresses in the caption of the complaint.

To limit the disclosure of the individual identities of the Pseudonymous Plaintiffs and non-party declarant members of Plaintiff GLMA, to protect the privacy and safety of all Plaintiffs and

non-party declarant members of Plaintiff GLMA, and to ensure that the fact of their participation in this litigation cannot be used in a retaliatory manner, the Court hereby enters this Protective Order.

Having considered the motion, the memorandum in support, and the record in this case, and having otherwise been fully advised, the Court finds there is good cause to grant Plaintiffs' motion and the motion is **GRANTED**. Limiting disclosure of the individual identities of the Pseudonymous Plaintiffs and non-party declarant members of Plaintiff GLMA and the addresses of all Individual Plaintiffs is necessary to protect the privacy and safety of all Plaintiffs and non-party declarant members of Plaintiff GLMA, and to ensure that the fact of any of these individuals' participation in this litigation cannot be used in a retaliatory manner.

Accordingly, the Court hereby **ORDERS** as follows:

1. The Pseudonymous Plaintiffs may proceed in this action under the pseudonyms "Phoebe Poe," "Rachel Roe," and "Susana Soe."

2. Members of GLMA who wish to submit a declaration in this case and have concerns about their privacy, safety, and retaliation in connection with their participation in this litigation may similarly proceed under pseudonyms (hereafter "Pseudonymous Declarants").

3. For the purposes of this order, "Other Identifying Information," means information, whether considered individually or collectively, that identifies any Pseudonymous Plaintiff or Pseudonymous Declarant directly or indirectly and may include but is not limited to names of institutions employing, sponsoring or otherwise affiliated with Pseudonymous Plaintiffs or Pseudonymous Declarants; current or former institutional position titles; grant award numbers; project names or other information about the subject matter of the research of Pseudonymous Plaintiffs or Pseudonymous Declarants that is sufficiently unique so as to be identifying; grant

project or budget start and end dates; grant award amounts; and any other potentially identifying information.

4. Plaintiffs' counsel shall disclose the Pseudonymous Plaintiffs' true names and, to the extent otherwise discoverable under the Federal Rules of Civil Procedure, other Other Identifying Information, upon request to Defendants' counsel and the Court.

5. Individual Plaintiffs are not required to include their addresses in the case caption pursuant to Local Rule 102(2).

6. All publicly filed documents shall identify Pseudonymous Plaintiffs and Pseudonymous Declarants by their pseudonyms.

7. All documents filed with the Court that contain a Pseudonymous Plaintiff's or Pseudonymous Declarant's name or Other Identifying Information shall be redacted.

8. Defendants' Counsel of Record shall not disclose the names or any Other Identifying Information of Pseudonymous Plaintiffs and Pseudonymous Declarants to any person, except (a) to employees or other agents, but only to the extent necessary to litigate this action, (b) to Defendants, their counsel, or any of the Defendants' employees or other agents, but only to the extent necessary to litigate this action, or (c) as otherwise explicitly authorized by any protective order subsequently entered in this action concerning discovery procedures and protection of confidential information including Other Identifying Information.

9. Any person to whom disclosure of the names or any Other Identifying Information of Pseudonymous Plaintiffs and Pseudonymous Declarants is made shall not use that information for any purpose other than as necessary to litigate this action, and in no instance shall any person to whom such disclosure is made retaliate against any Pseudonymous Plaintiff or Pseudonymous

Declarant based on their participation in this litigation. This Order does not prohibit any action by Defendants that is not based in part or in whole on participation in this lawsuit.

10. Individuals to whom the names or Other Identifying Information of Pseudonymous Plaintiffs and Pseudonymous Declarants is disclosed shall not use such information for any purpose unrelated to Defendants' litigation of this action and shall not further disclose the fact of the participation of Pseudonymous Plaintiffs and Pseudonymous Declarants in this litigation or any Other Identifying Information learned through this disclosure, either directly or indirectly, without the advance written consent of Plaintiffs' counsel.

11. Defendants' Counsel of Record also shall ensure that all persons to whom disclosure is made under this Order have read and agreed in writing and under penalty of perjury to be bound by this Order and to be subject to the Court's jurisdiction for purposes of enforcing this order, including through sanctions or being held in contempt of this Court.

12. If any dispute or disagreement arises between the parties related to compliance with this Order or the non-disclosure of the Pseudonymous Plaintiffs' names and Other Identifying Information, the parties shall, in good faith, seek to resolve such disputes or disagreements without Court intervention. Only after such good faith attempts at resolution fail may the parties seek further clarification from this Court.

13. No part of the restrictions imposed by this Protective Order may be terminated except by written stipulation of the parties or by other order of this Court for good cause shown. The final disposition of this litigation shall not relieve any person who has received the name or Other Identifying Information of Pseudonymous Plaintiffs and Pseudonymous Declarants from the obligations imposed by this Order.

**IT IS SO ORDERED.**

Dated this \_\_\_\_\_ day of _____, 2025

BY THE COURT:

_____
UNITED STATES DISTRICT COURT JUDGE