IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division: Montgomery County)

| | |
|---|---|
| AMERICAN ASSOCIATION OF PHYSICIANS FOR HUMAN RIGHTS, INC. d/b/a GLMA: HEALTH PROFESSIONALS ADVANCING LGBTQ+ EQUALITY; *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> NATIONAL INSTITUTES OF HEALTH; *et al.*, <br><br> *Defendants*. | Civil Action No. 8:25-cv-01620-LKG |

**[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION & STAY PENDING JUDICIAL REVIEW PURSUANT TO 5 U.S.C. § 705**

This matter is before the Court on Plaintiffs' motion for a preliminary injunction and a stay pending judicial review pursuant to 5 U.S.C. § 705 against Defendants National Institutes of Health ("NIH"); Jay Bhattacharya, in his official capacity as NIH Director; U.S. Department of Health and Human Services ("HHS"); and Robert F. Kennedy, Jr., in his official capacity as Secretary of HHS, any subagencies of Defendant HHS and any Institutes and Centers of Defendant NIH, their officers, agents, successors, servants, employees, and attorneys, and any other persons who are in active concert or participation with them, enjoining them from: (i) implementing, enforcing, or effectuating the Agency Directives or any agency guidance setting forth "agency priorities" prohibiting federal funding, or (ii) taking any of the Challenged Agency Actions, because the research relates "gender identity," "transgender issues," "diversity," "equity," "equity objectives," "inclusion," "accessibility," "DEI," "LGBTQI+ health," "sexual orientation," and/or "gender ideology."

The Court may issue a preliminary injunction when a plaintiff establishes that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Having considered the motion, the memorandum in support, and the record in this case, and having otherwise been fully advised, the Court finds that Plaintiffs have carried their burden to satisfy each of those factors: Plaintiffs have demonstrated a substantial likelihood that they will prevail on the merits of their Equal Protection (Count I), Section 1557 (Count II), Separation of Powers (Count X), and APA (Counts V – IX) claims; in the absence of such preliminary injunctive relief, Plaintiffs will suffer irreparable injury; and the balance of the equities favors the Plaintiffs and an injunction is in the public interest. Immediate relief is therefore appropriate and warranted.

Accordingly, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, the Court **ORDERS** that Plaintiffs' Motion for Preliminary Injunction is **GRANTED** and that a **PRELIMINARY INJUNCTION** is entered in this case.

It is further **ORDERED** that until the conclusion of this litigation, or subsequent Order of the Court, Defendants National Institutes of Health ("NIH"); Jay Bhattacharya, in his official capacity as NIH Director; U.S. Department of Health and Human Services ("HHS"); and Robert F. Kennedy, Jr., in his official capacity as Secretary of HHS, any subagencies of Defendant HHS and any Institutes and Centers of Defendant NIH, their officers, agents, successors, servants, employees, and attorneys, and any other persons who are in active concert or participation with them, are **HEREBY ENJOINED** from:

    1.    Implementing, enforcing, or effectuating any of the following Agency Directives:

        a.  February 10, 2025 Secretarial Directive on DEI-Related Funding issued by

Dorothy A. Fink, Acting Secretary of the Department of Health & Human Services (**Exhibit 4**);

b. February 21, 2025 Directive on NIH Priorities, titled "Restoring Scientific Integrity and Protecting the Public Investment in NIH Awards," issued by Matthew J. Memoli, Acting Director of NIH (**Exhibit 5**);

c. February 28, 2025 document titled "Staff Guidance—Award Assessments for Alignment with Agency Priorities – March 2025" (**Exhibit 6**);

d. March 13, 2025 email guidance from Michelle G. Bulls with Subject "Award Revision Guidance and List of Terminated Grants via letter on 3/12" (**Exhibit 7**);

e. March 25, 2025 notice entitled, "NIH Grants Management Staff Guidance – Award Assessments for Alignment with Agency Priorities – March 2025" (**Exhibit 8**);

f. February 12, 2025 Memorandum authored by Michael S. Lauer titled "NIH Review of Agency Priorities Based on the New Administration's Goals" (**Exhibit 23**),

g. February 13, 2025 document titled "Supplemental Guidance to Memo Entitled – NIH Review of Agency Priorities Based on the New Administration's Goals" (**Exhibit 24**); and

h. Any other agency guidance or directive—including any non-public or undisclosed directives, whether written or unwritten—that pauses, eliminates, or withholds NIH funding, on the grounds that the funding opportunities or grants relate to "gender identity," "transgender issues,"

3

"diversity," "equity," "equity objectives," "inclusion," "accessibility," "DEI," "LGBTQI+ health," "sexual orientation," and "gender ideology."

2. Terminating, suspending, or withholding grants and/or related funding, and denying, delaying, refusing to consider, or withholding from review of applications or renewal applications for grants and/or related funding based on the Agency Directives or otherwise on the grounds that the that the funding opportunities or grants relate to "gender identity," "transgender issues," "diversity," "equity," "equity objectives," "inclusion," "accessibility," "DEI," "LGBTQI+ health," "sexual orientation," and "gender ideology."

It is further **ORDERED** that the terminations of NIH-funded grants of Individual Plaintiffs and any members of GLMA based on or as a result of the Agency Directives or otherwise on the grounds that the that the funding opportunities or grants relate to "gender identity," "transgender issues," "diversity," "equity," "equity objectives," "inclusion," "accessibility," "DEI," "LGBTQI+ health," "sexual orientation," and "gender ideology," shall be deemed without effect and be vacated, and that Defendants shall immediately reinstate the grants of Individual Plaintiffs and any members of GLMA, retroactive to the respective termination date and through at least to the end of their original project end date, and restore full access to all funds unlawfully withheld.

It is further **ORDERED** that Defendants shall review all properly submitted applications as required by law, including by resuming all procedural steps that are necessary for the review and disposition of grant applications to NIH, including but not limited to publications in the Federal Register of noticed meetings, conducting study section meetings, conducting advisory council meetings, and issuing notices of awards. For Plaintiffs who have been prejudiced by Defendants' delay in, or refusal to, consider their applications, Defendants shall expedite review of their applications.

It is further **ORDERED** that Defendants shall provide notice of the Court's preliminary injunction within 24 hours of entry to all Defendants, their employees, agents, and anyone acting in concert with them.

It is further **ORDERED** that Defendants shall not retaliate or otherwise impose any negative consequences on any and all Plaintiffs and/or any and all member(s) of Plaintiff GLMA, or their institutions, or declarants, for involvement in this litigation.

It is further **ORDERED** that the Court, in its discretion, waives the requirement for Plaintiffs to post bond under Federal Rule of Civil Procedure Rule 65(c) because Defendants will not suffer any costs from the preliminary injunction and imposing a security requirement would pose a hardship for Plaintiffs. *See* FED. R. CIV. P. 65(c); *Pashby v. Delia*, 709 F.3d 307, 332 (4th Cir. 2013).

It is further **ORDERED** that the preliminary injunction shall remain in effect until further order of this Court.

Dated this \_\_ day of _____, 2025.

                                               BY THE COURT:

                                               _____

                                               UNITED STATES DISTRICT JUDGE