IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AMERICAN ASSOCIATION OF PHYSICIANS FOR HUMAN RIGHTS, INC. d/b/a GLMA: HEALTH PROFESSIONALS ADVANCING LGBTQ+ EQUALITY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL INSTITUTES OF HEALTH, *et al.*,<br><br>Defendants. | Civ. A. No. 25-cv-1620-LKG |

**DEFENDANTS' REPLY TO PLAINTIFFS' SUPPLEMENTAL BRIEF
REGARDING PLAINTIFFS' MOTION FOR A PRELIMINARY
INJUNCTION AND REQUEST FOR A STAY PURSUANT TO 5 U.S.C. § 705**

KELLY O. HAYES
United States Attorney

Michael Wilson (Bar No. 18970)
Tarra DeShields (Bar No. 07749)
Assistant United States Attorneys
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4800 (direct)
(410) 962-2310 (fax)

*Counsel for Defendants*

In accordance with Rule 65 of the Federal Rules of Civil Procedure and Local Rule 105.2, and pursuant to the Court's Order of July 3, 2025 (ECF No. 83), Defendants,[1] by and through their undersigned counsel, respectfully submit the following Reply to Plaintiffs' supplemental memorandum of law in support of Plaintiffs' Motion (ECF No. 64) and state as follows:

## INTRODUCTION

It bears repeating that a preliminary injunction is "extraordinary" relief that may "only be awarded upon a *clear* showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22, 24 (2008) (emphasis added). The plaintiffs have not met their burden to warrant such relief in this case on any of the claims advanced, much less as to the Fifth Amendment equal protection and Section 1557 claims. The plaintiffs' supplemental brief, ECF No. 84, should do little to dissuade the Court from concluding otherwise for several reasons. On the issue of standing, neither the Healthcare Provider Plaintiffs nor GLMA have adequately shown that the third persons whose rights they assert cannot do such themselves. The declarations, replete with conclusory statements only, and appended as exhibits to the Motion, do not establish otherwise.

With respect to Section 1557, the statute, by its terms, fails to bring within its coverage the protection of *research topics* and the claim by the plaintiffs that Section 1557 is thereby violated because of the Challenged Agency Directives and Actions is counter to the clear text of the statute. As for applying heightened scrutiny to the equal protection claims, here too the plaintiffs have not clearly established their likelihood of success on this issue in the wake of *United States v. Skrmetti*,

---

[1] As noted in Defendants' Supplemental Memorandum of Law in Opposition to Plaintiffs' Motion for Preliminary Injunction and Plaintiffs' Request for A Stay Pursuant to 5 U.S.C. § 705, ECF No. 85 at 1 n.1, defined terms used but not defined herein have the meaning assigned to them in Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for A Preliminary Injunction and Plaintiffs' Request for A Stay Pursuant to 5 U.S.C. § 705 (the "Motion").

605 U.S. ---, 45 S.Ct. 1816 (2025) and the long shadow of doubt it casts upon the correctness of the reasoning in *Grimm v. Gloucester County School Board*, 972 F.3d 586 (4th Cir. 2020).

**ARGUMENT**

I. **Plaintiffs' Have Not Met Their Burden of Establishing Standing to Assert Equal Protection and Section 1557 Claims**.

The defendants have addressed standing in its Opposition (ECF No. 70 at 18-19) to the Motion and its Supplemental Brief (ECF No. 85 at 3-4) and again incorporate those arguments herein by reference but add still more on the Healthcare Provider Plaintiffs' and GLMA's claim to third-party standing. It is worth reiterating that establishing third-party standing requires showing whether the party asserting the right has 'a close relation[ship]' with the person who possess the right." *Md. Shall Issue, Inc. v. Hogan*, 971 F.3d 199, 215 (4th Cir. 2020) (quoting *Powers v. Ohio*, 499 U.S. 400, 411 (1991)). "Second, the court must consider whether there is a 'hindrance' to the possessor's ability to protect his own interests." *Id.*

The Healthcare Provider Plaintiffs and GLMA have indeed put forth a plethora of declarations to try to show standing, but those declarations fall short in supporting third-party standing in particular. This is because the declarations rest on bare conclusions rather than on specific facts as required by the case law. *See, e.g., Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d. Cir. 2011) (standing elements must be satisfied by specific facts, not mere allegations). Neither of the declarations put forth by the Healthcare Provider Plaintiffs, *see* ECF Nos. 64-5 and 64-20, support a finding that their LGBTQI+ patients are unable to assert their own equal protection rights given the dearth of facts as to what hinders these patients from doing such.

Moreover, what cannot be ignored is that the plaintiffs, as a group, conflate the defendants' decision to deprioritize research topics with discrimination against them as contemplated by Section 1557. Section 1557 protects "individuals." 42 U.S.C. § 18116(a). It does not protect

subject matter, that is, topics of research. Even if the plaintiffs, collectively, establish standing -- whether Article III, prudential, associational or third-party standing – they have not shown, as required by Section 1557, that the Challenged Agency Directives and Actions were *based on the plaintiffs'* sex, or gender identity, or any other basis protected by Section 1557 to bring them within the ambit of the class of people who have standing to sue for a purported violation of Section 1557.

## II.     Rational Basis Review Applies to Plaintiffs' Equal Protection Claim.

Although the plaintiffs maintain, without a specific citation, that the defendants "conceded" that binding Fourth Circuit precedent holds that classifications based on transgender status are subject to heightened scrutiny, ECF No. 84 at 10, Defendants made no such concession that withstands the ever-shifting legal landscape at present. Though *Grimm*, unlike *Kadel v. Folwell*, 100 F.4th 122, (4th Cir. 2024), was not vacated in the wake of *Skrmetti*, its vitality is in doubt for all of the reasons set forth by Defendants in ECF No. 85 at 8-10. Albeit the plaintiffs dismiss the three concurring opinions in *Skrmetti*, and while it true that such opinions are not binding, what cannot be ignored is the persuasive power such opinions possess and presage as to the arc of the case law. *United States v. Reynard*, 473 F.3d 1008, 1021 (9th Cir. 2007). The plaintiffs' likelihood of success on the merits of the equal protection claims is thus not so clear as to warrant preliminary injunctive relief.

It should also be pointed out that an agency's decision not to fund research areas that are focused on certain groups, even if those groups are defined by reference to sex, does not constitute sex discrimination. This proposition flows from *Skrmetti*. Recall that *Skrmetti* holds that the Equal Protection Clause of the Fourteenth Amendment does not require heightened scrutiny of distinctions based on types of medical treatment, even if those treatments primarily or exclusively affect only transgender individuals because such distinctions do not "turn on" on sex and so do not

3

constitute sex discrimination. 145 S.Ct. at 1829. By the same reasoning, an agency's decision not to fund research areas that focus on the LGBTQI+ community, even if those groups are defined by reference to sex, does not offend equal protection principles.

### III.     Plaintiffs' Are Not Entitled to Restoration of the Terminated NIH Grants.

As Defendants argued in the Motion and at the July 2, 2025 hearing, and continue to assert herein, the appropriate vehicle for Plaintiffs to challenge the termination of their research grants is a claim under the Tucker Act. *See* ECF No. 70 at 12–18. Defendants are "likely to succeed in showing that the Tucker Act precludes Article III courts from exercising jurisdiction over *any* claims pertaining to individual grant agreements, even if those claims are brought as constitutional or *ultra vires* actions." *Child Trends, Inc. v. U.S. Dep't of Educ.*, --- F. Supp. 3d ---, 2025 WL 1641148, at *8 (D. Md. June 11, 2025) (italics in original; underlining added). Injunctive relief should not be granted.

If the Court were to conclude that it may exercise jurisdiction over the equal protection claims, the Court, though having discretion to fashion injunctive relief, *Ostergren v. Cuccinelli*, 615 F.3d 263, 288 (4th Cir. 2010), should tailor the scope of the remedy to fit the nature and extent of the perceived constitutional violation. *Hills v. Gautreaux*, 425 U.S. 284, 293-94 (1976). "Injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Madsen v. Women's Health Ctr., Inc.*, 512 U.S. 753, 765 (1994). As the Court of Federal Claims is the exclusive venue for Plaintiffs to litigate claims related to their terminated grants, the appropriate remedy in this case would be limited to equitable relief enjoining future grant terminations by NIH.

## CONCLUSION

For the reasons set forth in Defendants' Opposition, at the hearing on July 2, 2025, and Defendants' Supplemental Brief and this Reply, the Court should deny the Plaintiffs' Motion.

Respectfully submitted,

KELLY O. HAYES
United States Attorney

/s/
Michael Wilson (Bar No. 18970)
Tarra DeShields (Bar No. 07749)
Assistant United States Attorneys
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4800 (direct)
(410) 962-2310 (fax)

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 14, 2025, I electronically filed and served a copy of the foregoing on all parties receiving CM/ECF notices in this case.

/s/
Tarra DeShields

5