## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| AMERICAN ASSOCIATION OF PHYSICIANS FOR HUMAN RIGHTS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL INSTITUTES OF HEALTH, *et al.*,<br><br>Defendants. | Civil Action No. 25-cv-01620-LKG<br><br>Dated: August 1, 2025 |

### ORDER ON THE PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

#### Background

In this civil action, the Plaintiffs, American Association of Physicians for Human Rights, Inc., doing business as GLMA: Health Professionals Advancing LGBTQ+ Equality ("GLMA"); Dr. Carl Streed, Jr.; Dr. Sean Arayasirikul; Dr. Michelle Birkett; Dr. Gregory Phillips, II; Dr. Kurt Ribisl; Dr. Noel Brewer; Dr. Seth Noar; Dr. Kristen Hassmiller; Dr. Laura Graham Holmes; Dr. Heather Littleton; Dr. Gabriel Murchison; Dr. Sarah Peitzmeier; Dr. Debra Umberson; Dr. Phoebe Poe; Dr. Rachel Roe; and Dr. Susana Soe (collectively, the "Individual Plaintiffs"), bring various claims against the Defendants, the National Institutes of Health ("NIH"); Jay Bhattacharya, in his official capacity as NIH Director; the U.S. Department of Health and Human Services ("HHS"); and Robert F. Kennedy, Jr., in his official capacity as Secretary of HHS, challenging certain NIH agency directives (the "Agency Directives"), and other agency actions (the "Challenged Agency Actions"), that have resulted in the termination of the Plaintiffs' research grants (the "Grants"), and the exclusion of new grant applications, because of the Grants' relationship to LGBTQI+ health topics. *See generally* No. 1. The Plaintiffs have filed a motion for a preliminary injunction and stay pending judicial review, pursuant to Fed. R. Civ. P. 65 and 5 U.S.C. § 705, seeking to enjoin the Defendants from: (a) implementing, enforcing, or effectuating the Agency Directives or any agency guidance setting forth "agency priorities" prohibiting federal funding, or (b) taking any of the Challenged Agency Actions, because the research relates "gender identity," "transgender issues," "diversity," "equity," "equity objectives," "inclusion," "accessibility," "DEI," "LGBTQI+ health,"

"sexual orientation," and/or "gender ideology." ECF No. 64.

The Plaintiffs' motion is fully briefed. ECF Nos. 64, 70, 79, 84, 85, 86 and 87; *see also* ECF Nos. 65, 71, 75, 76, 77, 80 and 88. The Court held hearings on the motion on July 2, 2025, and August 1, 2025. ECF Nos. 82 and 91. For the reasons that follow, and stated during the July 2, 2025, and August 1, 2025, hearings, the Court: (1) **GRANTS-in-PART** and **DENIES-in-PART** the Plaintiffs' motion (ECF No. 64); (2) **HOLDS** that the Plaintiffs are likely to succeed on their claims that the Agency Directives and Challenged Agency Actions violate Section 1557 of the Affordable Care Act and the Equal Protection component of the Due Process Clause of the Fifth Amendment; and (3) **ENTERS** a **PRELIMINARY INJUNCTION** in this case and **ENJOINS** the Defendants from: (a) implementing, enforcing, or effectuating the Agency Directives or any agency guidance setting forth "agency priorities" prohibiting federal funding, or (b) taking any of the Challenged Agency Actions, because the research relates to "gender identity," "transgender issues," "diversity," "equity," "equity objectives," "inclusion," "accessibility," "DEI," "LGBTQI+ health," "sexual orientation," and/or "gender ideology." Fed. R. Civ. P. 65.

## Standards Of Decision

The Court may issue a preliminary injunction in this case if the Plaintiffs show that: (1) there is a likelihood of success on the merits; (2) there is a likelihood they will suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) the injunction is in the public interest. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008); *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014). In this regard, the United States Court of Appeals for the Fourth Circuit has recognized that, in certain cases, "the prospect of an unconstitutional enforcement 'supplies the necessary irreparable injury.'" *Air Evac EMS Inc. v. McVey*, 37 F.4th 89, 103 (4th Cir. 2022) (quoting *Winter*, 555 U.S. at 20). In addition, the balance of the equities and the public interest factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

## Analysis

The Court, having considered the Plaintiffs' motion, the Government's opposition thereto, the supplemental briefing, and the evidentiary record in this case, is satisfied that the Plaintiffs have met their burden to show: (1) a likelihood that they will succeed on the merits of their Equal Protection claim set forth in Count I of the complaint and their Section 1557 claim set forth in Count II of the complaint; (2) irreparable harm absent preliminary injunctive relief; and (3) the balance of the equities favors the Plaintiffs and a preliminary injunction is in the public interest. Specifically, the Plaintiffs have

established standing to pursue these claims, because they have demonstrated (1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the Defendants, and (3) that is likely to be redressed by a favorable judicial decision, as to each form of relief sought.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Trans Union LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (requiring a plaintiff to "demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)").

In this regard, the Plaintiffs have shown, among other things, that: (1) they have suffered an injury in fact arising from the loss of the Grant funds, and/or the inability to apply for new Grants, related to LGBTQI+ health; (2) they have a close relationship to the LGBTQI+ community; and (3) there are hinderances to the ability of members of the LGBTQI+ community to assert their own rights in this matter.  *See Scott v. Greenville County*, 716 F.2d 1409, 1415 (4th Cir. 1983) (holding that "standing to assert that discriminatory government action violated the equal protection clause is not lacking simply because the plaintiff is not a member of a minority" and that such plaintiffs "in their own stead suffered injury to [their] right to be free from" discrimination).  The Plaintiffs have also shown that they fall within the zone of interests that Section 1557 seeks to protect.  *See Lexmark Int'l Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014); 42 U.S.C. § 18116.  In addition, the Plaintiffs have shown that GLMA's members would otherwise have standing to bring the subject claims in their own right, the interests that the Plaintiffs seek to protect in this case are germane to GLMA's purposes and the claims and relief requested in this case do not require the participation of GLMA's members.

The Court is also satisfied that the Plaintiffs have a likelihood of success on their Section 1557 claim, because, they have shown that:  (1) the NIH and the HHS are entities covered within the scope of Section 1557; (2) they have been excluded from participation in, denied the benefits of, or subjected to discrimination on the basis of sex in connection with the Agency Directives and Challenged Agency Actions with regards to Grants related to LGBTQI+ health; and (3) the enforcement mechanism under Title XI provides for relief in this case.  *See* 42 U.S.C. § 18116(a).  Lastly, the Plaintiffs have also shown a likelihood of success on their Equal Protection claim, because they will be able to show that the Agency Directives and Challenged Agency Actions create a classification based upon sex and that the NIH's stated reason for the Agency Directives and Challenged Agency Actions is not "substantially related to a sufficiently important governmental interest."  *Grimm v. Gloucester Cnty. Sch. Bd.*, 972 F.3d 586, 607 (4th Cir. 2020) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 441 (1985)). [1]

---

[1] The Plaintiffs have also moved for a preliminary injunction based upon their APA claims.  ECF No. 64 at 30-37.  For the reasons stated during the hearings held in this matter, the Court denies this portion of the Plaintiffs' motion for a preliminary injunction, because the Plaintiffs have not established that the Court possesses subject-matter jurisdiction to consider this

And so, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, the Court:

1. **GRANTS-in-PART** and **DENIES-in-PART** the Plaintiffs' motion (ECF No. 64);

2. **HOLDS** that the Plaintiffs are likely to succeed on their claims that the Agency Directives and Challenged Agency Actions violate Section 1557 of the Affordable Care Act and the Equal Protection component of the Due Process Clause of the Fifth Amendment; and

3. **ENTERS** a **PRELIMINARY INJUNCTION** in this case and **ENJOINS** the Defendants from: (a) implementing, enforcing, or effectuating the Agency Directives or any agency guidance setting forth "agency priorities" prohibiting federal funding, or (b) taking any of the Challenged Agency Actions, because the research relates to "gender identity," "transgender issues," "diversity," "equity," "equity objectives," "inclusion," "accessibility," "DEI," "LGBTQI+ health," "sexual orientation," and/or "gender ideology."

It is further **ORDERED** that, until the conclusion of this litigation, or subsequent Order of the Court, Defendants NIH; Jay Bhattacharya, in his official capacity as NIH Director; HHS; and Robert F. Kennedy, Jr., in his official capacity as Secretary of HHS, any subagencies of Defendant HHS and any Institutes and Centers of Defendant NIH, their officers, agents, successors, servants, employees, and attorneys, are **HEREBY ENJOINED** from:

1. Implementing, enforcing, or effectuating any of the following Agency Directives against the Plaintiffs, including any member of Plaintiff GLMA whose research relates to LGBTQI+ health:

   a. February 10, 2025 Secretarial Directive on DEI-Related Funding issued by Dorothy A. Fink, Acting Secretary of the Department of Health & Human Services (**Exhibit 1**);

   b. February 21, 2025 Directive on NIH Priorities, titled "Restoring Scientific Integrity and Protecting the Public Investment in NIH Awards," issued by Matthew J. Memoli, Acting Director of NIH (**Exhibit 2**);

   c. February 28, 2025 document titled "Staff Guidance—Award Assessments for Alignment with Agency Priorities – March 2025" (**Exhibit 3**);

   d. March 13, 2025 email guidance from Michelle G. Bulls with Subject "Award Revision Guidance and List of Terminated Grants via letter on 3/12" (**Exhibit 4**);

---

claim. *See Megapulse, Inc. v. Lewis*, 672 F.2d 959, 967-68 (D.C. Cir. 1982).

    e.   March 25, 2025 notice entitled, "NIH Grants Management Staff Guidance – Award Assessments for Alignment with Agency Priorities – March 2025" (**Exhibit 5**);

    f.   February 12, 2025 Memorandum authored by Michael S. Lauer titled "NIH Review of Agency Priorities Based on the New Administration's Goals" (**Exhibit 6**);

    g.   February 13, 2025 document titled "Supplemental Guidance to Memo Entitled – NIH Review of Agency Priorities Based on the New Administration's Goals" (**Exhibit 7**); and

    h.   Any other agency guidance or directive that pauses, eliminates, or withholds NIH LGBTQI+-related funding, on the grounds that the funding opportunities or grants relate to "gender identity," "transgender issues," "diversity," "equity," "equity objectives," "inclusion," "accessibility," "DEI," "LGBTQI+ health," "sexual orientation," and "gender ideology."

2.   Terminating, suspending, or withholding Grants and/or related funding, and denying, delaying, refusing to consider, or withholding from review of applications or renewal applications for Grants and/or related funding relating or pertaining to Plaintiffs' LGBTQI+ health-related research projects based upon the Agency Directives or otherwise on the grounds that the that the funding opportunities or grants relate to "gender identity," "transgender issues," "diversity," "equity," "equity objectives," "inclusion," "accessibility," "DEI," "LGBTQI+ health," "sexual orientation," and "gender ideology."

It is further **ORDERED** that the terminations of NIH-funded, LGBTQI+ health-related grants of the Individual Plaintiffs and any members of GLMA, based upon, or as a result of, the Agency Directives or otherwise on the grounds that the funding opportunities or Grants relate to "gender identity," "transgender issues," "diversity," "equity," "equity objectives," "inclusion," "accessibility," "DEI," "LGBTQI+ health," "sexual orientation," and "gender ideology," shall be **DEEMED WITHOUT EFFECT AND BE VACATED**.

It is further **ORDERED** that the Defendants shall review any properly submitted applications related to LGBTQI+ health research by the Individual Plaintiffs and any members of GLMA as required by law.

It is further **ORDERED** that the Defendants shall provide notice of the Court's

preliminary injunction and this Order within 24 hours of entry to all Defendants, their employees and agents.

It is further **ORDERED** that the Court, in its discretion, waives the requirement for Plaintiffs to post bond under Federal Rule of Civil Procedure Rule 65(c), because the Defendants will not suffer any costs from the preliminary injunction and imposing a security requirement would pose a hardship for Plaintiffs.  *See* Fe. R. Civ. P. 65(c); *Pashby v. Delia*, 709 F.3d 307, 332 (4th Cir. 2013).

It is further **ORDERED** that the **PRELIMINARY INJUNCTION** shall remain in effect until further Order of this Court.

A separate memorandum opinion consistent with this Order shall issue.

**IT IS SO ORDERED.**


s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge