

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Michael Wilson*　　　　　　　　　　　　　*Suite 400*　　　　　　　　　　　*DIRECT: 410-209-4941*
*Assistant United States Attorney*　　　　*36 S. Charles Street*　　　　　*MAIN: 410-209-4800*
*Michael.Wilson4@usdoj.gov*　　　　　　*Baltimore, MD 21201-3119*　　*FAX: 410-962-0717*

August 26, 2025

**VIA CM/ECF**

Hon. Lydia Kay Griggsby
United States District Judge
6500 Cherrywood Lane
Suite 400
Greenbelt, Maryland 20770

　　　　RE:　*Amer. Assoc. of Physicians for Human Rights, et al. v. NIH*,
　　　　　　　Civil No. 25-cv-1620-LKG

Dear Judge Griggsby,

　　　　I represent the Defendants in the above-refenced civil action, but I write to you today jointly on behalf of all parties ("Parties") and to seek clarification on the Court's Order on the Plaintiffs' Motion for Preliminary Injunction (ECF No. 92). The Parties have met and conferred telephonically over the past weeks regarding the scope of the Order, and have identified four issues that the parties would like to clarify and/or confirm with the Court.

1. In paragraph 3 on page 4 of the Order, Defendants would like to confirm that the qualifying phrase beginning with "because the research relates to…" should be read to apply to both subpart (a) and subpart (b) of that paragraph. Plaintiffs agree with this understanding.
2. Defendants would like to confirm that, as discussed at the end of the hearing on August 1, 2025, the injunction entered by the Order is not nationwide in scope and instead applies only to the named individual plaintiffs and members of Plaintiff GLMA who had or might seek grants with NIH. Plaintiffs agree with this understanding.
3. The Parties would like to confirm that the retrospective relief provided by the Order only applies to the grants that the plaintiffs specifically identified in their March declarations and those identified in a list to be provided by Plaintiffs on September 3, 2025. Additionally, Defendants would like to confirm whether the prospective relief provided for by the Order, *i.e.*, injunctions against future grant terminations or future grant applications, only applies to grants in which a GLMA member as of the date of the Order serves as a principal investigator or key personnel, or whether also it applies to grants in which individuals who join GLMA in the future serve as a principal investigator or key personnel.

> Plaintiffs understand the prospective relief aspect of the Order to apply to both current *and future* members of Plaintiff GLMA.

4. The Parties seek to confirm that each grant that is reinstated pursuant to the Order should be restored to its remaining term or length as of the date it was terminated. In other words, if a grant was terminated with six months left on its term, that grant should have a remaining term of six months upon restoration.

The Parties appreciate the Court's time and willingness to entertain their questions in order to ensure the Order is implemented fully in compliance with the Court's intent. In furtherance of doing so, the Parties respectfully request that the Order be reissued to provide clarity on these issues. The Parties are available to discuss these issues with the Court if helpful.

Respectfully submitted,

KELLY O. HAYES
United States Attorney

　　*/s/ Michael J. Wilson*
Michael J. Wilson (Bar No: 18970)
Assistant United States Attorney
U.S. Attorney's Office
District of Maryland
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201
(410) 209-4941
Michael.Wilson4@usdoj.gov

*Attorneys for Defendant*

cc: Counsel of Record for Plaintiffs (via CM/ECF)